
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KATIJA BAHAR HAZEM,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-70207<br><br>Agency No. A098-533-029<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2014[**]
San Francisco, California

Before: BYBEE and BEA, Circuit Judges, and RESTANI, Judge.[***]

Katija Bahar Hazem petitions for review of a Board of Immigration Appeals

("BIA") decision denying her motion to reopen proceedings. We deny the petition.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

Hazem, a native of Afghanistan and a citizen of Germany, was admitted to the United States on May 11, 2004. Hazem remained in the United States beyond her authorized stay, and the Department of Homeland Security ("DHS") served her with a notice to appear. On September 8, 2005, Hazem filed an application for asylum and withholding of removal. The immigration judge ("IJ") denied the applications and ordered Hazem removed to Germany.

Hazem appealed to the BIA, which affirmed the IJ without opinion on July 18, 2006. Hazem filed a petition for review with this court, which was denied when the court found that substantial evidence supported the IJ's findings. *Hazem v. Mukasey*, 309 F. App'x 178 (9th Cir. 2009).

On April 3, 2009, Hazem filed a motion with the BIA to re-open her proceedings, arguing that the "fact that the Respondent is now [a] derivative on her husband's application[] is the functional equivalent of [] changed country conditions." The BIA found that Hazem's motion was untimely, because it was filed on April 3, 2009, more than 90 days after the final administrative decision was issued by the BIA on July 18, 2006. The BIA found that Hazem had not shown any cause to excuse the late filing based on any statutory or regulatory exception. The BIA denied Hazem's motion on December 24, 2009. Hazem petitions for review of that decision.

This court reviews BIA rulings on motions to reopen for abuse of discretion, and will reverse only if the BIA acted arbitrarily, irrationally, or contrary to law. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

Hazem contends that she has been listed as a derivative beneficiary on her husband's asylum application, and that this fact should be considered changed circumstances arising in Germany that excuse the late filing within the meaning of 8 C.F.R. § 1003.2(c)(3)(ii). The BIA found that being listed as a derivative beneficiary on another alien's asylum application may qualify as a change in personal circumstances but cannot constitute changed circumstances arising in Germany. This finding is not irrational, arbitrary, or contrary to law. Hazem filed her motion to re-open almost three years after the final administrative decision, and has not shown any changed circumstances in Germany within the meaning of 8 C.F.R. § 1003.2(c)(3)(ii). To the extent Hazem seeks review of the BIA's refusal to invoke its authority to reopen removal proceedings *sua sponte* pursuant to 8 C.F.R. § 1003.2(a), we lack jurisdiction. *Toufighi v. Mukasey*, 538 F.3d 988, 993 n.8 (9th Cir. 2008) ("We lack jurisdiction to review the Board's refusal to reopen removal proceedings *sua sponte*.").

Therefore, we deny the petition for review.

**DENIED**.